

1 ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
2 DAVID W. FERMINO, ESQ., S.B. #154131
BRAYTON❖PURCELL LLP
3 ATTORNEYS AT LAW
222 Rush Landing Road
4 P.O. Box 6169
Novato, California  94948-6169
5 (415) 898-1555

6 Attorneys for Plaintiff

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 FINAS BELK and ANNIE BELK,                         )   No. C08-03317 VRW
                                                                          )
12                      Plaintiffs,                                  )   RENOTICE OF MOTION AND MOTION
                                                                          )   TO REMAND CASE TO CALIFORNIA
13 vs.                                                             )   SUPERIOR COURT, TO STRIKE
                                                                          )   DECLARATIONS OF ALAN J. SHIFFLER
14 BUCYRUS INTERNATIONAL, INC., et          )   AND DR. WILLIAM P. RINGO, AND FOR
al.,                                                                    )   PAYMENT OF FEES AND COSTS;
15                                                                      )   MEMORANDUM OF POINTS AND
                      Defendants.                            )   AUTHORITIES
16 ————————————————————/

17                                                                      Date:    September 18, 2008
                                                                          Time:   2:30 pm
18                                                                      Dept:   6, 17ᵗʰ Floor

19

20 TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

21          Renotice is hereby given that on September 18, 2008, at 2:30 p.m., or as soon thereafter

22 as this matter may be heard, in Courtroom 6 of the above-entitled Court, located at 450 Golden

23 Gate Avenue, San Francisco, California 94102, plaintiff will move the Court for an Order

24 remanding this case to the Superior Court of the State of California in and for the County of San

25 Francisco, and awarding costs and attorneys fees incurred in the making of this motion.  This

26 motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of

27 David W. Fermino, Esq., the allegations in plaintiffs' complaint, plaintiffs' amendment to

28

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA  94948-6169
415-898-1555

1    complaint, the defendant's Notice of Removal, and such argument as may be made at the

2    hearing.

3        Plaintiff seeks remand on the following grounds:

4        1.    Removal pursuant to 28 U.S.C. §1442(a)(1) is inappropriate in that the moving

5    party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a

6    colorable federal defense to plaintiffs' claims, and cannot demonstrate a causal nexus between

7    plaintiffs' claims and the acts it alleges it performed under color of federal office.

8        2.    Removal pursuant to 28 U.S.C. § 1442(a)(1) is inappropriate in that moving

9    party cannot demonstrate that the United States approved reasonably precise specifications; the

10   equipment conformed to those specifications and defendant warned the United States about the

11   dangers in the use of the equipment that were known to defendant but not to the United States.

12       Plaintiffs move to strike the declarations of Alan J. Shiffler and Dr. William P. Ringo on

13   the grounds that said declarations are beyond the scope of declarants' personal knowledge and

14   are therefore inadmissible and not entitled to any weight.

15       Alternatively, plaintiffs request the Court to sever the action against defendant United

16   Technologies Corporation ("defendant") from those of the other defendants and remand the

17   remainder of the case to the San Francisco County Superior Court.

18       Pursuant to 28 U.S.C. § 1447(c), plaintiffs request payment of the costs and fees

19   incurred in the making of this motion.

20   Dated: August 11, 2008            BRAYTON❖PURCELL LLP

21

22                                     By:  _____

23                                          David W. Fermino
                                            Attorneys for Plaintiffs
                                            FINAS BELK and ANNIE BELK
24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION AND STATEMENT OF FACTS

4       The underlying action arises from injuries suffered by plaintiff Finas Belk ("plaintiff") as

5   a result of exposure to asbestos. Plaintiff is stricken with asbestosis, a disease of the lungs that

6   is closely associated with the inhalation of asbestos fibers.[1] The complaint was originally filed

7   on May 30, 2008 in the Superior Court for the State of California, County of San Francisco.

8   *A true and correct copy of the Complaint is attached to Defendant's Notice of Removal as*

9   *Exhibit A.*

10      The complaint alleged exposure to asbestos and asbestos containing products, and

11  specified plaintiff's exposure occurred between the years 1957 to 1976. His sole employer for

12  all these years was listed as the United States Air Force.

13      Defendant filed its Notice of Removal on July 8, 2008. Defendant removed the action

14  under 28 U.S.C. § 1442 (a)(1). Defendant contends it was under the government's control when

15  it designed, built and supplied Pratt & Whitney J57 and TF33 military aircraft engines used on

16  the Boeing B-52 Stratofortress and KC-135 Stratotanker. According to the defendant the

17  government reviewed and approved defendant's design plans and drawings and its contract

18  included detailed specifications on the design of the military aircraft engines at issue in the

19  instant case.

20      The only evidence supporting removal are the declarations of Alan J. Shiffler and

21  Industrial Hygienest Dr. William Ringo. *Declarations of Allan J. Shiffler, attached to*

22  *defendant's Notice of Removal as Exhibit B and Declaration of William P. Ringo as Exhibit C.*

23  Both are replete with speculation based on hearsay and are without proper foundation. These

24  declarations are beyond the scope of declarants' personal knowledge and are therefore

25  inadmissible evidence, not entitled to any weight, and should be stricken or discarded.

26

27      [1]In adddiiton to asbestosis, plaintiff's exposure to asbestos caused other permanent
injury including lung and/or other cancer, mesothelioma, and/or other lung damage. Plaintiff
28  was diagnosed with lung cancer on or about April 2004.

1    Plaintiff requests this Court remand this matter to the Superior Court for the State of

2  California, County of San Francisco, so that it may properly proceed to trial.

3    Plaintiff also requests an award of attorneys fees and costs pursuant to 28 U.S.C.

4  § 1447(c).

5                                    **II.**

6                               **ARGUMENT**

7    **A.    Federal-Officer Removal Statute**

8    This case involves the federal-officer removal statute, which allows removal of a state

9  action against "any officer (or any person *acting under* that officer) of the United States or of

10  any agency thereof, sued in an official or individual capacity for any act under color of such

11  office. . . ." 28 U.S.C. § 442(a)(1) (emphasis added).  To show it was "acting under" a federal

12  officer, a removing party must: (1) demonstrate that it acted under the direction of a federal

13  officer; (2) raise a federal defense to the plaintiff's claims; and (3) demonstrate a casual nexus

14  between plaintiff's claims and acts it performed under color of federal office.  *Fung v. Abex*

15  *Corp.*, 816 F. Supp. 569, 571-72 (N.D.Cal. 1992) (citation omitted).  The burden of establishing

16  federal jurisdiction is on the party seeking removal.  *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d

17  1261, 1265 (9th Cir. 1999).   An action should not be remanded unless defendant has satisfied

18  each of three conditions mentioned above.

19    ·Of particular relevance to the instant action, a mere showing that " the relevant acts

20  occurred under the general auspices of federal direction" is not by itself enough to warrant

21  removal.  *Good v. Armstrong Industries,Inc.*, 914 F.Supp. 1125, 1128 (E.D.Pa.1996) (citation

22  omitted)  With respect to products liability, this usually entails demonstrating "strong

23  government intervention and the threat that a defendant will be sued in state court 'based upon

24  actions taken pursuant to federal direction.'" *Fung  v. Abex Corp.*, 816 F.Supp. at 572, (citation

25  omitted)

26  ///

27  ///

28

1    **B.    United Technologies Incorporated Cannot Show That The United
            States Navy Specified and Required The Use of Asbestos Containing**
2    **Materials In Pratt & Whitney Products Nor Can It Show That The
            Government Precluded Pratt & Whitney From Issuing Warnings**
3    **About Its Hazardous Materials**

4        Liability for design defects in military equipment cannot be imposed, pursuant to state

5    law, when (1) the United States approved reasonably precise specifications; (2) the equipment

6    conformed to those specifications; and (3) the supplier warned the United States about the

7    dangers in the use of the equipment that were known to the supplier but not to the United States.

8    *Boyle v. United Tech. Corp.*, 487 U.S. 500, 511-12 (1988).

9        "If the government contractor exercised actual discretion over the defective feature of

10   the design, then the contractor will not escape liability via the government contractor defense..."

11   *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 (9th Cir.1997) (citation omitted).

12          Stripped to its essentials, the military contractor's defense under *Boyle* is to
            claim, 'The Government made me do it'. *Boyle* replaces state law only when the
13          Government, making a discretionary, safety-related military procurement
            decision contrary to the requirements of state law, incorporates this decision into
14          a military contractor's contractual obligations, thereby limiting the contractor's
            ability to accommodate safety in a different fashion.
15
     *In Re Hawaii Federal Asbestos Cases*, 960 F. 2d 806, 813 (9th Cir. 1992) (citations omitted)
16

17       There is no evidence that the Air Force actually specified and required the use of

18   asbestos materials, only speculation and statements made without foundation or personal

19   knowledge.  There are no military specifications ("milspecs") submitted, no declarations of

20   "Military Inspectors" to be introduced, indeed no documentation whatsoever in support of the

21   unfounded statements contained in the declarations of Alan J. Shiffler and Dr. William P.

22   Ringo.  Although both declarants repeatedly use the terms, "precise specifications", "standards",

23   "requirements",  and "control", any evidence in support of these statements is conspicuous only

24   by their complete absence.

25       Likewise, bare and bold statements that:

26          Any written materials, such as warnings or products manuals, that accompanied
            the J57 and TF33 aircraft engines built by Pratt & Whitney for the United States
27          Military were similarly controlled and specified by the United States Military.
            Any J57 and TF33 engines designed and manufactured by Pratt & Whitney for
28

RENOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO
STRIKE DECLARATIONS OF ALAN J. SHIFFLER AND DR. WILLIAM P. RINGO, AND FOR PAYMENT
OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

1  the United States Military that did not meet the strict standards and specifications
2  set forth by the United States Military for that particular engine was [sic] rejected by
   the United States Military.

3  *Shiffler Dec., attached to defendant's Notice of Removal as Exhibit B*

4  Declaration testimony, like that set out above, which simply describes the content of the

5  regulations and specifications is, in the absence of the documents themselves, nothing more than

6  hearsay and not entitled to any weight. *Snowdon v. A.W. Chesterton Company, et al.*, 366 F.

7  Supp. 2d.157, 164 (D. Me. 2005)

8  Defendant fails to show that the government approved reasonably precise specifications

9  requiring asbestos containing material to be incorporated into its product. Accordingly, it has

10  not satisfied the prongs of the *Boyle* test.

11  On review of the evidence, there is simply no basis upon which the court can conclude

12  that a conflict existed between the federal contracts and the defendant's state duties. The

13  defendant does not submit any non-testimonial evidence, i.e. citations to regulations or

14  contracts, of the government's alleged control over either the "required" materials or over any

15  "precluded" warnings. Although continuously referring to requirements and specifications,

16  defendant fails to cite any contractual or regulatory language supporting their position, or to

17  provide any military specifications bearing on either the "specified" materials or bearing on the

18  substance of warnings to be provided. Their argument thus "boils down to a bald, unsupported

19  assertion" that the government mandated and required asbestos materials and that the

20  government would have exercised its discretion to bar any warnings. "On this record, that sort

21  of speculation is not remotely adequate." See *Hilbert v. McDonnell Douglass Corp.*, 529 F.

22  Supp 2d. 187, 202 (D. Mass. 2008)

23  The conclusion that the Shiffler declaration is not based upon personal knowledge is

24  supported by the absence of exemplar contracts or regulations which could confirm its otherwise

25  conclusory allegations. *See Green v. A.W. Chesterton Co.* 366 F. Supp. 2d 149,157 (D. Me.

26  2005) (affidavit which failed to include any actual regulation or specification" raises real and

27  significant concern" and fails to meet defendant's burden for removal.")

28

1     The proffered declarations are not based upon personal knowledge, but rather upon

2   hearsay and speculation, and are inadmissable. *See* Federal Rule of Evidence 802; *see also*, Rule

3   1002, "Best Evidence" Rule.  Without the allegations contained in these inadmissable

4   declarations, defendant cannot sustain its burden of establishing a military contractor defense

5   and it correspondingly cannot meet the minimum requirements set forth in *Boyle*.

6

7   **C.    The Military Contractor Defense Does Not Apply Where The Goods Are Available in Similar Form to Commercial Users**

8     "(T)he fact that a company supplies goods to the military does not, in and of itself,

9   immunize it from liability for the injuries caused by those goods.  Where the goods ordered by

10   the military are those readily available, in substantially similar form, to commercial users, the

11   military contractor defense does not apply."*In re Hawaii Fed. Asbestos Cases,* 960 F.2d 806,

12   811 (9th Cir. 1992)

13         That *Boyle* speaks of the military contractor defense as
          immunizing contractors only with respect to the military
14        equipment they produce for the United States is consistent
          with the purposes the Court ascribes to that defense. The
15        *Boyle* Court noted that the military makes highly complex and
          sensitive decisions regarding the development of new equipment
16        for military usage. Allowing the contractors who are hired to
          manufacture that equipment to be sued for the injuries caused
17        by it would impinge unduly on the military's decision making
          process. The contractors would either refuse to produce the military
18        equipment for the Government or would raise their prices to
          insure against their potential liability for the Government's designs.
19

20         These same concerns do not exist in respect to products readily
          available on the commercial market. The fact that the military
21        may order such products does not make them "military equipment."
          The products have not been developed on the basis of involved
22        judgments made by the military but in response to the broader
          needs and desires of end-users in the private sector. The contractors,
23        furthermore, already will have factored the costs of ordinary
          tort liability into the price of their goods. That they will not
24        enjoy immunity from tort liability with respect to the goods sold
          to one of their customers, the Government, is unlikely to affect
25        their marketing behavior or their pricing. *In re Hawaii*, at 811

26     Defendant has provided no facts or information which would establish that the products

27   in question are, in fact, "military equipment" and accordingly have not sustained their burden.

28   ///

**D.    The Removal Statute Must Be Construed In Favor of Remand**

Any doubt as to the removability of a matter "should be resolved in favor of remanding a case to state court." *See Matheson v. Progressive Specialty Insurance Company*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

Because federal officer removal is "rooted in 'an anachronistic mistrust of state courts ability to protect and enforce federal interests and immunities from suit,' "although federal officer jurisdiction "is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private contractor purportedly acting at the direction of a federal officer is at issue." *Alsup v. 3-Day Blinds,* 435 F Supp. 2d 838, 843 (S.D.Ill. 2006) (citation omitted).

**E.    Plaintiffs Are Entitled To Costs and Attorney's Fees**

As noted in *Simpson v. Union Pacific RR Co.*, 282 F.Supp.2d 1151 (N.D. Cal. 2003), a request for costs and attorney's fees under the removal statute is not a motion for Rule 11 sanctions; while sanctions are limited to cases where the party advances frivolous arguments, an award of attorney's fees and costs may be made upon a simple finding that the removal was improper as a matter of law. 282 F.Supp.2d at 1160-61 citing *Kanter v.Warner-Lambert,* 265 F.3d 853, 861 (9th Cir.2001); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 949 (9th Cir.2001).

Here, removal was defective and therefore improper as a matter of law.  Rather than a legitimate exercise of a substantive right to a federal forum by a party that would otherwise be denied a fair hearing in a hostile state court, this removal is a litigation tactic designed to delay justice rather than to serve it.[2]

///

///

---

[2]The attempted removal of asbestos cases is a common tactic for defendants seeking to delay or deny plaintiff' rights to a trial on the merits of their state claims.  Defendants seek to avail themselves of the glacial pace that is the hallmark of federal asbestos multi-district litigation.  *See, In re Marine Asbestos Cases,* 44 F. Supp.2d 368, 374 (D.Me.1999) (If [asbestos] claims return to state court, they will proceed to resolution . . . in federal court they will encounter significant delay upon their transfer through the panel on multidistrict litigation.)

RENOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATIONS OF ALAN J. SHIFFLER AND DR. WILLIAM P. RINGO, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

1    An award of costs and attorney's fees is appropriate here.

2    **CONCLUSION**

3    Defendant has not shown that contracts or regulations provided reasonable precise

4    specifications mandating that its products contained asbestos or as to any warnings regarding

5    asbestos.   For these reasons, defendant cannot show a conflict between its federal contract

6    obligations and its duties and obligations under state law.   Accordingly it has not established a

7    colorable federal defense nor has it established a causal connection between the acts done

8    pursuant to the federal contract and the plaintiff's injury.   Therefore, this Court does not have

9    removal jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. § 1442, and is

10    without subject-matter jurisdiction to hear the case.   The Motion to Remand must be granted

11    and the case remanded in its entirety to the California Superior Court for the County of San

12    Francisco.

13    The Court should order payment of plaintiff's costs and attorneys' fees pursuant to 28

14    U.S.C.  § 1447(c).

15    Respectfully submitted,

16    Dated: August _____, 2008             BRAYTON❖PURCELL LLP

17

18    By: _____

19    David W. Fermino
     Attorneys for Plaintiffs
     FINAS BELK and ANNIE BELK

20

21

22

23

24

25

26

27

28

RENOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO
STRIKE DECLARATIONS OF ALAN J. SHIFFLER AND DR. WILLIAM P. RINGO, AND FOR PAYMENT
OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES