1 | ALAN R. BRAYTON, ESQ., S.B. #73685
LLOYD F. LEROY, ESQ., S.B. #203502
2 | DAVID W. FERMINO, ESQ., S.B. #154131
BRAYTON❖PURCELL LLP
3 | ATTORNEYS AT LAW
222 Rush Landing Road
4 | P.O. Box 6169
Novato, California  94948-6169
5 | (415) 898-1555

6 | Attorneys for Plaintiff

7 |

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | FINAS BELK and ANNIE BELK,

12 |        Plaintiffs,

13 | vs.

14 | BUCYRUS INTERNATIONAL, INC., et al.,

15 |        Defendants.

16 |

No. C-08-03317 VRW

REPLY TO UNITED TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND

Date:   September 18, 2008
Time:   2:30 pm
Dept:   6, 17th Floor

17 |

18 | **I.**

19 | **INTRODUCTION**

20 |     Defendant's opposition conspicuously ignores "the fact that it bears the burden of proof

21 | on the appropriateness of this court asserting federal jurisdiction and that the court itself has a

22 | certain interest in seeing the actual documents so that it need not deign to enter findings based

23 | upon an affiant's hearsay, whether or not it is offered under penalty of perjury." *See, Snowdon v.*

24 | *A.W. Chesterton Company*, 366 F.Supp.2d 157, 164 (D. Maine. 2005).  As a result, defendant

25 | ignores and minimizes its burden of establishing the bases for federal jurisdiction and its

26 | asserted military-contractor defense.

27 |     Instead, defendant's reply asserts the United States Military exercised "direct and

28 | detailed"control over the materials used in its product.  However, other than the Schiffler

Left margin (vertical): BRAYTON❖PURCELL LLP / ATTORNEYS AT LAW / 222 RUSH LANDING ROAD / P.O. BOX 6169 / NOVATO, CALIFORNIA 94948-6169 / 415-898-1555

1 | declaration - an opinion based on hearsay and speculation, without proper foundation - these

2 | assertions are entirely unsupported by any evidence. Defendant proffers no evidence, other than

3 | Shifler's baseless opinion, that the government, in any fashion, directed UTC to use asbestos in

4 | its product. The Schiffler declaration, which simply alludes to the content of regulations and

5 | specifications is, in the absence of the documents themselves, nothing more than hearsay and is

6 | not entitled to any weight. *Id.* at 165. Defendant's continued claims that the military precluded

7 | any warnings of hazardous materials is supported by unfounded assertions, and likewise, is

8 | without merit.

9

10

**II.**

**ARGUMENT**

11

### A.    Duty to Warn

12

Defendant avers the United States Air Force "provided extensive and detailed

13

performance and construction specifications for the J57 and TF33 aircraft intended for military

14

use." (*Declaration of Allan J. Schiffler* ¶ 9, attached as Exhibit B to Defendant's Notice of

15

Removal) and that "military inspectors knew of, and approved, all materials and all parts

16

contained in the Pratt & Whitney J57 and TF 33 engines intended for use by the United States

17

Military." (*Schiffler Decl*, ¶16). Other than a reference to plaintiff's claim of asbestos related

18

injury, the Schiffler declaration doesn't mention asbestos, let alone proffer that the military

19

provided warnings regarding the danger of asbestos as a carcinogen.

20

In effort to mask the Schiffler's declaration's deficiency, defendant offers the

21

declaration of William P. Ringo, PH.D. Dr. Ringo states that "[i]t is well known that the

22

United States Military was aware of the potential health hazards of working with or around

23

asbestos-containing materials dating back to the 1930's." (*Declaration of William P. Ringo,*

24

*Ph.D.* ¶ 9, attached as Exhibit C to Defendant's Notice of Removal) Dr. Ringo further opines

25

that "[f]rom the 1930's through at least the 1980's the United States Military had state of the art

26

knowledge regarding the potential health hazards of working with and around asbestos

27

containing materials." (*Ringo Decl*, ¶9). The Ringo declaration is offered without citation to

28

1    any official United States Air Force publication or for that matter to any publication of any

2    other branch of the military.  It is, therefore, wholly lacking in foundation and simply cannot

3    support a conclusion that the Air Force had superior knowledge to that of defendant UTC

4    regarding the dangers of asbestos.

5         UTC argues that even if it wanted to supply warnings regarding asbestos, it would have

6    been precluded by the military.  Again, there is no evidence to support such a claim other that

7    the same speculation and unfounded hearsay statements.  Defendant offers no evidence that it

8    was  precluded by the Air Force from issuing warnings about the hazards of asbestos.

9    **B.    There is No Showing that the Government Required the Use of
        Asbestos in Defendant's Products**

10

11   "Declaration testimony, which simply describes the content of the regulations and

12   specification is, in the absence of the documents themselves, nothing more than hearsay and is

13   not entitled to any weight" *Snowdon, supra*, 366 F. Supp. 2d at 164.  Defendant fails to offer

14   proof establishing that a federal officer required the use of asbestos in the design and

15   manufacture of defendant's electrical equipment.  The Schiffler and Ringo declarations are

16   insufficient to support defendant's claim that it designed and manufactured the electrical

17   equipment pursuant to the detailed control and direction of the United States Air Force.  To the

18   contrary, there is simply no showing that the Air Force required the use of asbestos in

19   defendant's product.

20   Defendant argues that it raises a "colorable federal defense" in having acted under a

21   federal officer or agency.  However, the "colorable claim" standard applies only to the

22   presentation of a federal defense, not the causal requirement. *Mesa v. California*, 489 U.S.

23   121,132 (1989)  In order to remove to federal court, defendant must set forth evidence showing

24   that it did, in fact, act under a federal officer.  Defendant's submission of a declaration based

25   upon hearsay, speculation and lacking in foundation does not satisfy their burden.  (*See, Good v.*

26   *Armstrong World Industries, Inc.*, 914 F. Supp. 1125, 1129 (E.D. Pa.. 1996)

27   The "causal requirement" requires that the government actually specified and required

28   the use of asbestos in the contractor's product.  There must be more than just specifications,

1  even if otherwise precise.  It is incumbent upon defendant to establish that asbestos was a

2  required component.  Defendant fails to provide either testimonial or documentary proof that

3  would support a finding that the government mandated the use of asbestos in the products of

4  defendant UTC.

5

6  **C.    Defendant Has Not Sustained its Burden of Proof Regarding Military Equipment.**

7        There is no dispute that defendant has the burden of proof establishing that removal was

8  proper.  Defendant must therefore establish that its equipment, although possibly conforming to

9  United States Air Force specifications, is not also readily available, in substantially similar

10  form, to commercial users.  Defendant utterly fails to provide any evidence on this issue, and

11  thus fails to sustain its burden of proof.

12

13  **D.    Defendant's Reliance on the *Machnik* case is Misplaced**

14        Defendant places primary emphasis on the case of *Machnik v. Buffalo Pumps, Inc.* 506

15  F.Supp.2d 99 (D. Conn. 2007).  It argues that in light of *Machnik* it need not provide

16  admissible documentary evidence to support its expert's opinion.  However, defendant's

17  reliance on *Machnik* is misplaced.

18        In *Machnik,* the court emphasized the fact that the affiant therein, Lehman, set forth

19  specific time periods in which he worked and therefore had "personal knowledge of the

20  contracts that existed between the Navy and its contractors during the period of Machnik's Navy

21  service." *Id.* at 103.  In the present case both declarations fail to disclose specific time periods

22  that relate to plaintiffs work or exposure to asbestos.  As a result,  neither declarant in this case

23  has personal knowledge of military contracts, regulations and specifications in place or relevant

24  to the time periods when plaintiff was employed by the United States Air Force.

25        Further undercutting the value of *Machnik's* holding is the fact that plaintiff can find no

26  other authority which is in accord with defendant's conclusions regarding the evidentiary value

27  of actual documents.  In contrast, there is authority in support of the position advanced by

28  plaintiff in the present case.  In *Hilbert v. McDonnell Douglas Corp.*, 529 F. Supp 2d 187, 202-

1 | 203 (D. Mass. 2008) the court held:

2 | On review of the evidence, there is simply no basis upon
which a court can conclude that a conflict existed between

3 | the federal contracts and the defendant's state-law duty to warn.
The defendants do not submit any non-testimonial evidence,

4 | i.e. citations to regulations or contracts, ...(and) fail to provide
any military specification bearing on the substance of the

5 | warnings to be provided...Their argument thus boils down to a bald ,
unsupported assertion...(T)hat sort of speculation

6 | is not remotely adequate."

7 | In *Hilbert v. Aeroquip, Inc.*, 486 F.Supp.2d 135, 142 (D. Mass. 2007) the court similarly

8 | concluded that it was:

9 | (T)his court is struck by Northrup's inability to respond to the plaintiffs'
submission with an affidavit of anyone with personal knowledge as to the

10 | contracts and regulations which actually applied during the relevant period.
In light of the gross generalizations contained in the affidavit,

11 | the fact that (declarant) was not employed by Grumman or
Northrup Grumman during the relevant time, and the absence

12 | of any assertion to the effect that (declarant) actually reviewed
any relevant contracts or even had conversations with those

13 | who had personal knowledge, this court agrees that (declarant)
has failed 'to establish personal knowledge with regard to

14 | whether a particular type of warning was forbidden...' "
(Citation omitted)

15 | ...

16 | The conclusion that (the) affidavit is not based on his personal
knowledge is further supported by the absence of exemplar

17 | contracts or regulations which could confirm his otherwise
conclusory allegations...(Declarant's) generalized statements

18 | are insufficient to establish his personal knowledge over
asbestos-related warnings during the relevant period. (citation omitted)

19 |

20 | **E.    Any Doubt As To The Removability of This Matter Should be
Resolved In Favor of Remand.**

21 | Defendant is correct that *Durham v. Lockheed Martin Corporation*, 445 F. 3d 1247 (9th

22 | Cir. 2006) holds that a liberal interpretation is to be given to federal officer removal statutes.

23 | However, *Durham* is actually limited to the 30 day provisions of 28 USC § 1446. Other

24 | statements by the court concerning the construction of federal removal statutes in general are

25 | dicta. In any event, *Durham* does not overturn or contradict in any way the prior mandate of the

26 | Ninth Circuit that any doubt as to the removability of a matter "should be resolved in favor of

27 | remanding a case to state court" *Matheson v. Progressive Specialty Insurance Company*, 319 F.

28 | 3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992).

1    Therefore, regardless of whether the statute is liberally or narrowly construed, if there is

2    any doubt as to a matter's removability, the case should be remanded to the state court.

3

**F.    Should the Motion to Remand be Denied, the Case Against UTC**
4    **Should be Severed From the Other Defendants**

5    The only potential federal claim raised in this litigation relates to UTC's federal

6    contractor defense. All other claims are based upon state law and were appropriately brought in

7    state court. Each defendant's involvement in the events leading up to plaintiff's illness is

8    distinct, and in no way dependent on UTC's status as an alleged "federal contractor". The case

9    will proceed much more rapidly in state court, thereby giving plaintiff the opportunity to

10   participate in the trial. There is no reason for the remaining defendants to await the resolution

11   of claims against one defendant. Keeping the state law claims against these defendants in

12   federal court will in no way increase judicial efficiency and expediency. Rather, the resolution

13   of the claims against the state defendants may increase the speed by which the claims against

14   one alleged federal defendant may be resolved. *Hilbert v. Aeroquip Inc.*, 486 F.Supp.2d 135,

15   149 (D. Mass. 2007).

16   In the event plaintiff's motion to remand is denied, the claims against the remaining

17   defendants should be severed and remanded.

18

**CONCLUSION**
19

20   Defendant lacks the facts or foundation to remove this action to this Court. It has not

21   established a colorable federal defense nor has it established a causal connection between the

22   acts done pursuant to the federal contract and plaintiff's injury. Removal is not appropriate in

23   this case and the matter should be remanded for trial in to state court.

Dated:   September 4, 2008                    BRAYTON ❖ PURCELL LLP
24

25

By: _David W. Fermino_
26   David W. Fermino
     Attorneys for FINAS BELK, et al.
27

28

<u>PROOF OF SERVICE BY MAIL</u>

**FINAS BELK v. BUCYRUS INTERNATIONAL INC.**
**USDC C 08-3317 VRW**

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

On September 4, 2008, I served the following document(s) described as:

**REPLY TO UNITED TECHNOLOGIES CORPORATION'S OPPOSITION TO MOTION TO REMAND**

on the interested party(ies) in this action as follows:

**TO ALL PARTIES ON THE ATTACHED SERVICE LIST**

<u>XX</u>   BY OFFICE MAILING

I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Petaluma, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed September 4, 2008, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jane Ehni

1

Date Created: 9/4/2008-3:49:57 PM                                    Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Live
Matter Number: 109534.001 - Finas Belk

**Bassi, Martini, Edlin & Blum**
351 California Street, Suite 200
San Francisco, CA 94104
415-397-9006   415-397-1339 (fax)
**Defendants:**
  J.T. Thorpe & Son, Inc. (THORPE)
  Parker-Hannifin Corporation (PARKHF)

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330   510-835-5117 (fax)
**Defendants:**
  Berry & Berry (B&B)

**Filice, Brown, Eassa & McLeod LLP**
1999 Harrison Street, 18th Floor
Oakland, CA 94612-0850
510-444-3131   510-839-7940 (fax)
**Defendants:**
  Ford Motor Company (FORD)
  General Motors Corporation (GM)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300   925-947-1594 (fax)
**Defendants:**
  Garlock Sealing Technologies, LLC
(GARLCK)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000   415-267-4198 (fax)
**Defendants:**
  Plant Insulation Company (PLANT)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000   415-344-7288 (fax)
**Defendants:**
  Honeywell International, Inc. (HONEYW)

**Perkins Coie LLP**
1620 - 26th Street
6th Floor
Santa Monica, CA 90404
310-788-9900   310-843-1284 (fax)
**Defendants:**
  Boeing Company, The (BOEING)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900   415-781-2635 (fax)
**Defendants:**
  General Electric Company (GE)

**Tucker Ellis & West LLP**
515 South Flower Street
Forty Second Floor
Los Angeles, CA 90071-2223
213-430-3400   213-430-3409 (fax)
**Defendants:**
  United Technologies Corporation
(UNTECH)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400   415-617-2409 (fax)
**Defendants:**
  United Technologies Corporation
(UNTECH)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072   415-391-6258 (fax)
**Defendants:**
  Quintec Industries, Inc. (QUINTC)